COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:          L. L. v. Department of Family and Protective Services

Appellate case number:     01-20-00024-CV

Trial court case number:   2017-05595J

Trial court:                        314th District Court of Harris County

Appellant, L.L is appealing a decree of parental termination signed on December 13, 2018. At the time this decree was signed, appellant was represented by retained counsel, William Rice. On December 28, 2018, appellant filed a pro se motion for new trial. On this same date, appellant filed a pro se notice of appeal. Appellant has not filed a statement of inability to afford payment of court costs in the trial court or in this Court.

On March 14, 2019, the trial court signed an order denying appellant's motion for new trial. On March 25, 2019, retained counsel, Joanne Nwaogu, filed a request for findings of fact and conclusions of law. Nothing in the record indicates that retained counsel Nwaogu withdrew from representation of appellant.

Although the notice of appeal was filed in December 2018, the Harris County District Clerk did not assign this appeal to this Court until January 9, 2020, more than a year after the appeal should have been assigned, thereby delaying the adjudication of this appeal within the priority deadlines established by the Texas Supreme Court. *See* TEX. R. JUD. ADMIN. 6.2(a), *reprinted in* TEX. GOV'T CODE, tit. 2, subtit. F app. (Appeals from orders terminating parent-child relationship are to be brought to final disposition within 180 days of date notice of appeal is filed).

Because the letter of assignment and clerk's record indicated that appellant was proceeding pro se, notices were sent to appellant's last known address and were returned undeliverable. But further review of the clerk's record reveals a request for findings and conclusions filed by retained counsel, Nwaogu, and the clerk's record contains no withdrawal of representation. Accordingly, future notices will be sent to retained counsel.

The reporter's record was due to be filed on January 21, 2020. Notice was sent to appellant's last known address that she might have to file a brief without the benefit of a reporter's record unless she responded or showed that she had made arrangements for the filing of the reporter's record. This notice was returned as undeliverable.

Accordingly, unless retained counsel or the appellant, if no longer represented by counsel, files a response to this order **within ten days** concerning payment for the reporter's record, the Court will consider and decide those issues or points that do not require a reporter's record for a decision. *See* TEX. R. APP. P. 37.3(c) (stating that, if clerk's record has been filed, appellate court may consider and decide those issues or points that do not require a reporter's record).

Appellant's brief must be filed **no later than 20 days after the date of this order**.

Appellee's brief will be due **within 20 days after appellant's brief has been filed**.

Retained counsel shall also provide a current address for appellant **within ten days of the date of this order**.

It is so ORDERED.


Judge's signature: _____/s/ Richard Hightower_____
       ☑ Acting individually ☐ Acting for the Court


Date: ___March 3, 2020___